UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

**DENISE TUMELE,**

       **Plaintiff,**              **CIVIL ACTION NO. 06-CV-10605-DT**

   vs.

                                 **DISTRICT JUDGE GERALD E. ROSEN**

**ROBERT SCOTT FACILITY,**     **MAGISTRATE JUDGE MONA K. MAJZOUB**
**et al.,**

       **Defendants.**
_____/

### REPORT AND RECOMMENDATION

**I.**    **RECOMMENDATION:**  This Court recommends that the motion to dismiss filed by Defendants Yaqoob and Singhal be GRANTED, that the motion to dismiss filed by Defendants Robert Scott Correctional Facility, Honor and Tolliver be GRANTED, and that this action be DISMISSED WITHOUT PREJUDICE for failure to exhaust available administrative remedies.

**II.**    **REPORT:**

       This matter comes before the Court on two motions to dismiss.  On May 5, 2006 Defendants Yaqoob and Singhal filed a motion to dismiss (docket no. 16), and on May 17, 2006 Defendants Robert Scott Facility, Honor, and Tolliver filed their motion to dismiss (docket no. 18).  Plaintiff has responded to these motions.  (Docket nos. 22, 23).  Defendants have filed Reply briefs.  (Docket nos. 26, 27). There is also pending a motion to produce Plaintiff's medical records filed by Defendants Yaqoob and Singhal, and a motion to supplement her Step II grievance responses made by Plaintiff, both of which will be disposed of by separate Order.

       All pre-trial matters have been referred to the undersigned by District Judge Gerald E. Rosen. These motions are now before this Court for hearing and determination pursuant to 28 U.S.C. §

-1-

636(b)(1)(B). The Court finds that the facts and legal arguments are adequately presented in the parties' papers and the decisional process would not be significantly aided by oral argument. Therefore, these motions will be resolved without oral argument pursuant to E.D. MICH. LR 7.1(e)(2). Because Plaintiff has failed to totally exhaust her available administrative remedies, the motions to dismiss should be granted and this action should be dismissed without prejudice.

*A.     Factual Background*

These facts are taken from Plaintiff's Complaint. She is a prisoner of the State of Michigan. During the events underlying her claim, she was incarcerated at the Robert Scott Facility in Plymouth, Michigan. Plaintiff alleges that on May 6, 2004 she informed Unit Officer Tolliver that her assigned bunk bed was starting to break apart. On May 27, 2004 the bed collapsed causing injury to her neck, back and lower back. Plaintiff alleges that she was "continually refused health care access" until June 22, 2004 when she saw Dr. Shawney who without examining her told her that there was nothing wrong with her. She claims that she presently suffers from pain and numbness. Plaintiff alleges that Physician's Assistant Singhal told her that she could have a pinched nerve, but that no diagnostic studies were done. Plaintiff says that she fears her condition will worsen and that she may become paralyzed. Plaintiff seeks as relief diagnostic studies and x-rays, physical therapy, pain relief, and compensatory, punitive, and future damages.

*B.     Claims*

Plaintiff's Complaint and the copies of the grievances she filed raise claims of inadequate medical care and the deliberate indifference to a substantial risk of serious harm by Officer Tolliver not acting on her requests to repair her bed.

*C.     Standard of Review*

Defendants have moved to dismiss Plaintiff's complaint under Fed. R. Civ. P. 12(b)(6) for failure to state a claim upon which relief may be granted. Dismissal under this rule is appropriate when it is clear that no relief could be granted under any set of facts that could be proved consistent with Plaintiff's allegations. *Morgan v. Church's Fried Chicken*, 829 F.2d 10, 12 (6th Cir. 1987). In considering these motions, the Court must accept as true the well-pleaded factual allegations in Plaintiff's complaint. *Id.* The Court does not have to accept as true legal conclusions or unwarranted factual inferences, however. *Id.*

In addition, under 42 U.S.C. § 1997e(a), "[n]o action shall be brought with respect to prison conditions under section 1983 . . . by a prisoner confined in any jail, prison, or other correctional facility until such administrative remedies as are available are exhausted." The prisoner bears the burden of showing exhaustion. *Brown v. Toombs*, 139 F.3d 1102, 1104 (6th Cir. 1998). The grievance must specifically name the person who is being sued. *Curry v. Scott*, 249 F.3d 493, 505 (6th Cir. 2001). The prisoner must complete all levels of the grievance process before filing an action in federal court. *Freeman v. Francis*, 196 F.3d 641, 645 (6th Cir. 1999).

Moreover, the exhaustion of administrative remedies must be total. This means that the Complaint must be dismissed, even on the Court's on initiative, if the prisoner has not demonstrated that he has exhausted all claims against all defendants. *Jones Bey v. Johnson*, 407 F.3d 801, 807 (6th Cir. 2005) *pet. for cert. filed* (Jan. 9, 2005); *but see Spencer v. Bouchard*, 449 F.3d 721 (6th Cir. 2006) (purporting to give contradictory holding). The Supreme Court has granted certiorari to resolve the issue of total exhaustion, but because the *Spencer* panel could not overrule the *Jones Bey* panel's decision, the Court should follow the total exhaustion rule. The Supreme Court recently clarified that proper exhaustion

requires a prisoner to comply with state procedural rules such as time limits for filing grievances. *Woodford v. Ngo* 126 S.Ct. 2378 (2006).

>    D.    *Analysis*

Defendants contend that Plaintiff has failed to show that she has totally exhausted her claims. Plaintiff names eight Defendants in her Complaint. She attached to her Complaint copies of several grievances that she filed and the responses to them, and she has moved to add some step two grievance responses. However, Plaintiff fails to show that she named Defendant Robert Scott Facility or Defendant Honor in any of her grievances.

In addition, at least four of the grievances show that the response at step one was that the grievance was untimely filed. These untimely step one grievances are numbers SCF 05-10-02140-28e, 05-10-02141-28e, 05-10-02143-28e, and 05-10-02142-28e. The grievance procedures require that the step one grievance be filed within five days of the issue becoming grievable. MDOC Policy Directive 03.02.130 ¶ II.W. The dates on these grievances show that they were all filed well beyond the five-day period. Under *Woodford*, because these grievances were not timely filed, they did not properly exhaust Plaintiff's remedies. Because these grievances were not timely filed, Plaintiff has failed to show exhaustion of her claims against Defendants Yaqoob and Butler as well.

Plaintiff has failed to show total exhaustion of her claims, therefore her Complaint should be dismissed without prejudice. *Jones Bey*, 407 F.3d at 809.

### III.    NOTICE TO PARTIES REGARDING OBJECTIONS:

The parties to this action may object to and seek review of this Report and Recommendation, but are required to act within ten (10) days of service of a copy hereof as provided for in 28 U.S.C. § 636(b)(1) and E.D. Mich. LR 72.1(d)(2). Failure to file specific objections constitutes a waiver of any further right of appeal. *Thomas v. Arn*, 474 U.S. 140 (1985); *Howard v. Sec'y of Health & Human Servs.*, 932

F.2d 505 (6th Cir. 1991); *United States v. Walters*, 638 F.2d 947 (6th Cir. 1981).  Filing of objections which raise some issues but fail to raise others with specificity, will not preserve all the objections a party might have to this Report and Recommendation.  *Willis v. Sec'y of Health & Human Servs.*, 931 F.2d 390, 401 (6th Cir. 1991); *Smith v. Detroit Fed'n Of Teachers Local 231*, 829 F.2d 1370, 1373 (6th Cir. 1987).  Pursuant to E.D. Mich. LR 72.1(d)(2), a copy of any objections is to be served upon this Magistrate Judge.

Any objections must be labeled as "Objection #1," "Objection #2," etc.  Any objection must recite *precisely* the provision of this Report and Recommendation to which it pertains.  Not later than ten days after service of an objection, the opposing party must file a concise response proportionate to the objections in length and complexity.  The response must specifically address each issue raised in the objections, in the same order and labeled as "Response to Objection #1," "Response to Objection #2," etc.

Dated:  September 20, 2006                s/ Mona K. Majzoub
                                          MONA K. MAJZOUB
                                          UNITED STATES MAGISTRATE JUDGE

## PROOF OF SERVICE

I hereby certify that a copy of this Report and Recommendation was served upon Denise Tumele and Counsel of Record on this date.

Dated: September 20, 2006                 s/ Lisa C. Bartlett
                                          Courtroom Deputy