# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF MICHIGAN
# SOUTHERN DIVISION

DENISE TUMELE,

        Plaintiff,         CIVIL ACTION NO. 06-CV-10605-DT

vs.

                                   DISTRICT JUDGE GERALD E. ROSEN

ROBERT SCOTT FACILITY,        MAGISTRATE JUDGE MONA K. MAJZOUB
et al.,

        Defendants.
_____/

## ORDER GRANTING IN PART DEFENDANTS' RENEWED DISCOVERY MOTION

Before the Court is the Renewed Discovery Motion for Access to Plaintiff's Medical Records filed by Defendants Yaqoob and Singhal on October 23, 2007. (Docket no. 54). This Motion has been referred to the undersigned by District Judge Gerald E. Rosen. (Docket no. 55). Plaintiff has filed a Response brief. (Docket no. 58). Defendants have filed a Reply brief. (Docket no. 59). The Court finds that the facts and legal arguments are adequately presented in the parties' papers and the decisional process would not be significantly aided by oral argument. Therefore, these motions will be resolved without oral argument pursuant to E.D. Mich. LR 7.1(e).

This is a prisoner civil rights action pursuant to 42 U.S.C. § 1983. (Docket no. 1). Plaintiff alleges that on May 27, 2004 her prison bunk bed collapsed causing injury to her neck, back, and lower back. (*Id.* at 4). She also complains that Defendants failed to properly treat her resulting injuries. Plaintiff seeks as relief an examination of her injuries and compensatory and punitive damages. (*Id.*).

Defendants Yaqoob and Singhal sent to Plaintiff a Disclosure of Health Information form on April 11, 2006. (Docket no. 54, ex. A). Plaintiff returned the form but limited the release of her records to her medical records from May 27, 2004 until February 2006. (*Id.* ex. B). She could have checked

-1-

boxes on the form to additionally authorize release of her dental, mental health, and complete health record. Defendants requested again on May 5, 2006 that Plaintiff provide "a full and complete copy of any and all medical records" pertaining to Plaintiff's treatment in the Michigan Department of Corrections, or provide a full and complete medical release. (*Id.* ex. C). Plaintiff replied on May 24, 2006 that she would authorize only the release of her medical record from May 2004 to the present date. She refused to release any other records because those records were privileged. (*Id.* ex. D). Defendants seek a copy of all of Plaintiff's medical records including her mental health records. Plaintiff refuses to release her mental health records.

The issues in this action are whether Plaintiff must release her complete prison medical record rather than the record for a limited period and whether she must release her mental health records. Plaintiff alleges, and nothing in the record refutes, that her mental health records are separately maintained and not included in her prison medical file. (Docket no. 58 at 2).

The scope of discovery is generally described as broad because it includes "any matter, not privileged, that is relevant to the claim or defense of any party." Fed. R. Civ. P. 26(b)(1). The information in Plaintiff's prison medical file is relevant to her claim that Defendants failed to properly treat her injuries after her bed fell. She does not argue otherwise and has authorized the release of her medical file covering the time period since her accident. Defendants ask for her complete medical file, however. The Court finds that Plaintiff's entire medical file is relevant to her claims. Any information in her file from the time period before her accident may reveal that she had some preexisting condition which would be relevant to whether the accident caused her injuries. Therefore, the Court will order Plaintiff to authorize the release of her full and complete medical file.

The remaining question is whether Plaintiff must authorize the release of her mental health file or records. Plaintiff claims that these records are privileged. The Supreme Court has found that

"confidential communications between a licensed psychotherapist and her patients in the course of diagnosis or treatment are protected from compelled disclosure under Rule 501 of the Federal Rules of Evidence." *Jaffee v. Redmond*, 518 U.S. 1, 15 (1996); *see Gaines-Hanna v. Farmington Public Schs.*, 2006 WL 932074 at *7, *11 (E.D. Mich. Apr. 7, 2006) (finding that federal privilege law controls question of privilege on claim arising under federal statute and noting that the psychotherapist-patient privilege of federal common law protects psychotherapy records). Of course this privilege may be waived, however Defendants fail to argue that Plaintiff waived this privilege. Indeed, Defendants do not recognize in their briefs that such a privilege exists. They rely on their argument that a physician-patient privilege does not exist in federal law. Moreover, Plaintiff's Complaint does not place her mental health at issue, and she is not seeking damages for emotional or psychological harm. Finally, Defendants have not made any particularized showing of how Plaintiff's mental health records may be relevant to any issue in this action. They rely on generalities such as that "psychiatric histories validated in medical records can demonstrate histories which reflect upon the conduct of parties and influence same." (Docket no. 54 at 3). Defendants have failed to show that this Court should compel the production of Plaintiff's mental health records. This portion of Defendants' Motion will therefore be denied without prejudice. Should Defendants later discover information that they believe warrants the release of Plaintiff's mental health records, they may approach the Court with another renewed motion.

Plaintiff must therefore authorize the release of her full and complete medical file held by the Michigan Department of Corrections excluding only her mental health records. Defendants should forward to Plaintiff an authorization form authorizing the release of this information. Plaintiff is ordered to sign and return this form within two days of her receipt of it.

**IT IS THEREFORE ORDERED** that Defendants' Renewed Discovery Motion (docket no. 54) is **GRANTED IN PART AND DENIED IN PART WITHOUT PREJUDICE** as set forth above.

## NOTICE TO THE PARTIES

Pursuant to Fed. R. Civ. P. 72(a), the parties have a period of ten days from the date of this Order within which to file any written appeal to the District Judge as may be permissible under 28 U.S.C. 636(b)(1).

Dated: November 29, 2007            s/ Mona K. Majzoub
                                                              MONA K. MAJZOUB
                                                              UNITED STATES MAGISTRATE JUDGE

## PROOF OF SERVICE

I hereby certify that a copy of this order was served upon Denise Tumele and Counsel of Record on this date.

Dated: 11/29/07            s/ Lisa C. Bartlett
                                                               Courtroom Deputy