**UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION**

**DENISE TUMELE,**

       **Plaintiff,**               **CIVIL ACTION NO. 06-CV-10605-DT**

  vs.

                                       **DISTRICT JUDGE GERALD E. ROSEN**

**ROBERT SCOTT FACILITY,**     **MAGISTRATE JUDGE MONA K. MAJZOUB**
**et. al,**

       **Defendants.**
_____/


## REPORT AND RECOMMENDATION

**I.**    **RECOMMENDATION:**    This Court recommends that Defendant Monday's Motion for Summary Judgment filed on December 12, 2007 (docket no. 64) be **DENIED**.

**II.**    **REPORT:**

This matter comes before the Court on Defendant Monday's Motion for Summary Judgment. (Docket no. 64). Plaintiff has responded to the motion. (Docket no. 70). The case was referred to the undersigned for all pretrial proceedings. (Docket no. 6). Defendant Monday's Motion for Summary Judgment is now ready for ruling. The Court dispenses with oral argument pursuant to E.D. Mich. LR 7.1(e).

    *A.*    *Factual Background*

These facts are taken from Plaintiff's Complaint. She is a prisoner of the State of Michigan. During the events underlying her claim, she was incarcerated at the Robert Scott Facility in Plymouth, Michigan. Plaintiff alleges that on May 6, 2004 she informed Unit Officer Tolliver that her assigned bunk bed was starting to break apart. On May 27, 2004 the bed collapsed causing injury to her neck, back and lower back. Plaintiff alleges that she was "continually refused health care access" until June

22, 2004 when she saw Dr. Shawney who without examining her told her that there was nothing wrong with her. She claims that she presently suffers from pain and numbness. Plaintiff alleges that Physician's Assistant Singhal told her that she could have a pinched nerve, but that no diagnostic studies were done. Plaintiff says that she fears her condition will worsen and that she may become paralyzed. Plaintiff seeks as relief diagnostic studies and x-rays, physical therapy, pain relief, and compensatory, punitive, and future damages. Defendant Monday is a Resident Unit Manager at the prison facility.

  B.  *Claims*

Plaintiff's Complaint and the copies of the grievances she filed raise claims of inadequate medical care and the deliberate indifference to a substantial risk of serious harm by officers not acting on her requests to repair her bed.

  C.  *Standard of Review*

Summary judgment is appropriate where "the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law." Fed. R. Civ. P. 56(c). The moving party has the burden of showing an absence of evidence to support the non-moving party's case. *Covington v. Knox County Sch. Sys.*, 205 F.3d 912, 915 (6th Cir. 2000). Once the moving party has met its burden of production, the non-moving party must come forward with significant probative evidence showing that a genuine issue exists for trial. (*Id.*). A mere scintilla of evidence is insufficient to defeat a supported motion for summary judgment; rather, "there must be evidence on which the jury could reasonably find for the [non-moving party]." *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 252 (1986). While the evidence itself need not be the sort admissible at trial, the evidence must be more than the non-movant's own pleadings. *Ashbrook v. Block*, 917 F.2d 918, 921 (6th Cir. 1990); *see also Street*

*v. J.C. Bradford & Co.*, 886 F.2d 1472, 1479 (6th Cir. 1989) (explaining that the non-moving party may not rely on the hope that the trier of fact will disbelieve the movant's denial of a disputed fact).

Under 42 U.S.C. § 1997e(a), "[n]o action shall be brought with respect to prison conditions under section 1983 . . . by a prisoner confined in any jail, prison, or other correctional facility until such administrative remedies as are available are exhausted."

D.   *Analysis*

Defendant Monday moves for summary judgment on the basis that Plaintiff has not exhausted her administrative remedies as to him. (Docket no. 64 at 7). Defendant argues that the sole grievance that names him, SCF 05-10-2143-28E, was rejected at Step I of the grievance process because it was not timely filed. (*Id.*). Therefore, Defendant contends that he should be dismissed from this action.

Plaintiff responds by arguing that she has exhausted her remedies against Defendant Monday. (Docket no. 70). She alleges that she did so in two grievances: SCF-04-06-01712-03d and SCF-04-06-01629-03d. Plaintiff attaches copies of these two grievances to her Response. Defendant did not address these two grievances in his Motion. Grievance 01712 is dated May 25, 2004, names Ms. Tolliver and RUM Monday, and was apparently received at Step I on June 10, 2004. Plaintiff complains in this grievance about nothing being done to make her bed safe. This grievance was submitted before Plaintiff fell through the bed and allegedly was injured. The prison official who responded to this grievance at Step I noted that the condition of the bed was not taken seriously enough and that action should have been taken sooner to address the problem. This response was written on June 23, 2004, after the time that Plaintiff had fallen through the bed and apparently been moved and the bed repaired. Plaintiff concedes that she did not appeal this response because she considered it favorable to her and an admission that staff members were guilty of wrongdoing.

The other grievance is number 01629. It is dated June 3, 2004, names Defendant Monday, and was received at Step I on June 4, 2004. This grievance was filed after Plaintiff had fallen through her bed. It recounts this fact and complains that even though she was moved to a lower bunk because of back pain, on June 2 she was moved again to a top bunk which aggravates her injured back. Plaintiff further complains that Defendant Monday was made aware of the situation but he "blew it off as not of importance." (Docket no. 70 at 13). The response to this grievance notes that the reviewer will ensure that Plaintiff is placed on the lower level in a bottom bunk. Plaintiff again argues that there was no need for her to appeal this decision because it was favorable to her.

In light of these grievances submitted by Plaintiff, this Court finds that Defendant Monday should not be granted summary judgment on the basis that Plaintiff failed to exhaust her available remedies as to him. Section 1997e requires a prisoner to exhaust "administrative remedies as are available." 42 U.S.C. § 1997e(a). A prisoner need not appeal grievances which are favorable to her and when she has received the resolution she expects or reasonably could expect. *Ross v. County of Bernalillo*, 365 F.3d 1181, 1187 (10th Cir. 2004) (citing cases), *abrogated in part on other grounds, Jones v. Bock*, 127 S.Ct. 910 (2007). The MDOC policy directive provides that a "grievant whose grievance is rejected may appeal the rejection to the next step as set forth in this policy." MDOC Policy Directive No. 03.02.130, ¶ I. It is therefore arguable that Plaintiff would not have been allowed to appeal these favorable responses to her grievances if she had attempted to do so.

Accordingly, Plaintiff exhausted the remedies available to her even though she did not appeal through the remaining two steps of the process. Defendant Monday's Motion for Summary Judgment should be denied.

## III. NOTICE TO PARTIES REGARDING OBJECTIONS:

The parties to this action may object to and seek review of this Report and Recommendation, but are required to act within ten (10) days of service of a copy hereof as provided for in 28 U.S.C. § 636(b)(1) and E.D. Mich. LR 72.1(d)(2). Failure to file specific objections constitutes a waiver of any further right of appeal. *Thomas v. Arn*, 474 U.S. 140 (1985); *Howard v. Sec'y of Health & Human Servs.,* 932 F.2d 505 (6th Cir. 1991); *United States v. Walters*, 638 F.2d 947 (6th Cir. 1981). Filing of objections which raise some issues but fail to raise others with specificity, will not preserve all the objections a party might have to this Report and Recommendation. *Willis v. Sec'y of Health & Human Servs.*, 931 F.2d 390, 401 (6th Cir. 1991); *Smith v. Detroit Fed'n Of Teachers Local 231*, 829 F.2d 1370, 1373 (6th Cir. 1987). Pursuant to E.D. Mich. LR 72.1(d)(2), a copy of any objections is to be served upon this Magistrate Judge.

Any objections must be labeled as "Objection #1," "Objection #2," etc. Any objection must recite *precisely* the provision of this Report and Recommendation to which it pertains. Not later than ten days after service of an objection, the opposing party must file a concise response proportionate to the objections in length and complexity. The response must specifically address each issue raised in the objections, in the same order and labeled as "Response to Objection #1," "Response to Objection #2," etc.

Dated: January 17, 2008                          s/ Mona K. Majzoub
                                                           MONA K. MAJZOUB
                                                           UNITED STATES MAGISTRATE JUDGE

## **PROOF OF SERVICE**

  I hereby certify that a copy of this Report and Recommendation was served upon Denise Tumele and Counsel of Record on this date.

Dated: January 17, 2008       <u>s/ Lisa C. Bartlett</u>
               Courtroom Deputy