# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF MICHIGAN
# SOUTHERN DIVISION

**DENISE TUMELE,**

       **Plaintiff,**                  **CIVIL ACTION NO. 06-CV-10605-DT**

vs.

                                   **DISTRICT JUDGE GERALD E. ROSEN**

**ROBERT SCOTT FACILITY,**      **MAGISTRATE JUDGE MONA K. MAJZOUB**
**et. al,**

       **Defendants.**
_____/

# REPORT AND RECOMMENDATION

**I.    RECOMMENDATION:**    This Court recommends that Defendants' Motion for Summary Judgment filed on November 30, 2007 (docket no. 61) be **GRANTED**.

**II.    REPORT:**

This matter comes before the Court on the Motion for Summary Judgment filed by Defendant Robert Scott Correctional Facility, Defendant Honor, and Defendant Tolliver. (Docket no. 61). Plaintiff has responded to the motion. (Docket no. 66). The case was referred to the undersigned for all pretrial proceedings. (Docket no. 6). This Motion for Summary Judgment is now ready for ruling. The Court dispenses with oral argument pursuant to E.D. Mich. LR 7.1(e).

    *A.    Factual Background*

These facts are taken from Plaintiff's Complaint. She is a prisoner of the State of Michigan. During the events underlying her claim, she was incarcerated at the Robert Scott Facility in Plymouth, Michigan. Plaintiff alleges that on May 6, 2004 she informed Unit Officer Tolliver that her assigned bunk bed was starting to break apart. On May 27, 2004 the bed collapsed causing injury to her neck, back and lower back. Plaintiff alleges that she was "continually refused health care access" until June

22, 2004 when she saw Dr. Shawney who without examining her told her that there was nothing wrong with her. She claims that she presently suffers from pain and numbness. Plaintiff alleges that Physician's Assistant Singhal told her that she could have a pinched nerve, but that no diagnostic studies were done. Plaintiff says that she fears her condition will worsen and that she may become paralyzed. Plaintiff seeks as relief diagnostic studies and x-rays, physical therapy, pain relief, and compensatory, punitive, and future damages. Defendant Honor is a Nursing Supervisor at the prison facility.

B. *Claims*

Plaintiff's Complaint and the copies of the grievances she filed raise claims of inadequate medical care and the deliberate indifference to a substantial risk of serious harm by officers not acting on her requests to repair her bed.

C. *Standard of Review*

Summary judgment is appropriate where "the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law." Fed. R. Civ. P. 56(c). The moving party has the burden of showing an absence of evidence to support the non-moving party's case. *Covington v. Knox County Sch. Sys.*, 205 F.3d 912, 915 (6th Cir. 2000). Once the moving party has met its burden of production, the non-moving party must come forward with significant probative evidence showing that a genuine issue exists for trial. (*Id.*). A mere scintilla of evidence is insufficient to defeat a supported motion for summary judgment; rather, "there must be evidence on which the jury could reasonably find for the [non-moving party]." *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 252 (1986). While the evidence itself need not be the sort admissible at trial, the evidence must be more than the non-movant's own pleadings. *Ashbrook v. Block*, 917 F.2d 918, 921 (6th Cir. 1990); *see also Street*

*v. J.C. Bradford & Co.*, 886 F.2d 1472, 1479 (6th Cir. 1989) (explaining that the non-moving party may not rely on the hope that the trier of fact will disbelieve the movant's denial of a disputed fact).

Under 42 U.S.C. § 1997e(a), "[n]o action shall be brought with respect to prison conditions under section 1983 . . . by a prisoner confined in any jail, prison, or other correctional facility until such administrative remedies as are available are exhausted." To establish a violation of 42 U.S.C. § 1983, a plaintiff must show that defendants violated a right secured by the federal constitution or laws and must show that the deprivation was committed by someone acting under color of state law. *West v. Atkins*, 487 U.S. 42, 48 (1988).

D.  *Analysis*

1.  *Robert Scott Facility*

Defendant Robert Scott Facility moves for summary judgment on the bases that Plaintiff failed to exhaust her administrative remedies as to it, that Plaintiff failed to state a claim upon which relief may be granted, and that it is immune from suit under the Eleventh Amendment. (Docket no. 64 at 7). Plaintiff consents to the dismissal of the Facility. (Docket no. 66 at 9-10). The Court agrees that Plaintiff's Complaint fails to state a claim upon which relief could be granted against the Facility. In addition, it is protected by Eleventh Amendment immunity. *See Fewless v. Michigan Dep't of Corrections*, 2005 WL 2899487, slip op. at *2 (W.D. Mich. Nov. 2, 2005) ("Accordingly, the MDOC and the defendant prisons sued by Plaintiff are entitled to Eleventh Amendment immunity."). Therefore, Defendant Robert Scott Facility should be granted summary judgment.

2.  *Defendant Honor*

Defendant Honor moves for summary judgment on the bases that Plaintiff has failed to exhaust her administrative remedies as to him and that Plaintiff has failed to state a claim upon which relief may be granted against him. (Docket no. 61 at 13-14). In her response, Plaintiff argues that Defendant

Honor should not be dismissed because he was the Healthcare Unit Manager at the time of her claim. (Docket no. 66 at 10). Plaintiff, however, fails to address her exhaustion of administrative remedies against Defendant Honor.

Defendant Honor argues that only one grievance attached to Plaintiff's Complaint, No. SCF 2004-11-3376-12D3, was timely filed at Step I of the grievance process. This grievance was rejected at Step III, according to Defendant, because it was not timely filed at Step II. (Docket no. 61 at 13). In addition, this grievance fails to name Defendant Honor. The other four grievances that Plaintiff attached to her Complaint were all rejected at Step I as being untimely and on all subsequent steps of the process. (*Id.*).

The burden is now on Plaintiff to show that she has exhausted her administrative remedies against Defendant Honor because Defendant has shown an absence of such evidence. *See Covington*, 205 F.3d at 915. Plaintiff has failed to carry her burden. Four of the five grievances she submitted copies of with her Complaint were rejected at Step I because they were untimely. The remaining grievance, SCF-04-11-03376-12D3, was rejected as untimely at Step III. Moreover, none of these grievances names Defendant Honor. The MDOC grievance policy now requires the prisoner to include the names of all those involved in the issue being grieved. (Docket no. 61, ex. 3, ¶ T). These grievances therefore failed to exhaust Plaintiff's remedies. *See Woodford v. Ngo*, 126 S.Ct. 2378 (2006). Plaintiff also submitted copies of two grievances with her Response. (Docket no. 66). However, neither of these grievances names Defendant Honor or pertains to the claims against him. Therefore, they do not exhaust any remedies against Defendant Honor. *See Woodford*, 126 S.Ct. at 2385-86. Because the record contains no evidence showing that Plaintiff has exhausted her administrative remedies against Defendant Honor, summary judgment should be granted to him.

The Court also finds as an independent basis for granting summary judgment that Plaintiff failed to state a claim upon which relief may be granted against Defendant Honor. Although in her Response Plaintiff alleged additional facts against this Defendant, she failed to do so in a form such that they could be considered on this summary judgment motion. *See Ashbrook*, 917 F.2d at 921.

### 3.     *Defendant Tolliver*

Defendant Tolliver was the Resident Unit Officer at the prison. Plaintiff alleges in her Complaint that on May 6, 2004 she informed Defendant Tolliver that her assigned bunk bed was beginning to break apart. (Docket no. 1 at 4). She further alleges that her report was ignored and that on May 27, 2004 her bed collapsed and injured her. (*Id.*). Defendant Tolliver moves for summary judgment on the bases that Plaintiff has failed to state a claim upon which relief may be granted and failed to exhaust her available administrative remedies. (Docket no. 61 at 13-14).

#### a.     *Exhaustion of Remedies*

With regard to exhaustion of available remedies, Plaintiff alleges in her Response that she exhausted her remedies in two grievances: SCF-04-06-01712-03d and SCF-04-06-01629-03d. (Docket no. 66, exs. A & B). Defendant did not address these two grievances in her Motion. Grievance 01712 is dated May 25, 2004, names Ms. Tolliver and RUM Monday, and was apparently received at Step I on June 10, 2004. Plaintiff complains in this grievance about nothing being done to make her bed safe. This grievance was submitted before Plaintiff fell through the bed and allegedly was injured. The prison official who responded to this grievance at Step I noted that the condition of the bed was not taken seriously enough and that action should have been taken sooner to address the problem. This response was written on June 23, 2004, after Plaintiff had fallen through the bed and apparently been moved and the bed repaired. Plaintiff concedes that she did not appeal this response because she considered it favorable to her and an admission that staff members were guilty of wrongdoing.

The other grievance is number 01629. It is dated June 3, 2004, names Defendant Monday, and was received at Step I on June 4, 2004. This grievance was filed after Plaintiff had fallen through her bed. It recounts this fact and complains that even though she was moved to a lower bunk because of back pain, on June 2 she was moved again to a top bunk which aggravates her injured back. Plaintiff further complains that Defendant Monday was made aware of the situation but he "blew it off as not of importance." (Docket no. 70 at 13). The response to this grievance notes that the reviewer will ensure that Plaintiff is placed on the lower level in a bottom bunk. Plaintiff again argues that there was no need for her to appeal this decision because it was favorable to her. Because this grievance does not name Defendant Tolliver, it does not exhaust available remedies as to her. *See Woodford*, 126 S.Ct. 2378.

The fact that Plaintiff did not appeal the first grievance response does not show that this grievance is not capable of exhausting some claims. Section 1997e requires a prisoner to exhaust "administrative remedies as are available." 42 U.S.C. § 1997e(a). A prisoner need not appeal grievances which are favorable to her and when she has received the resolution she expects or reasonably could expect. *Ross v. County of Bernalillo*, 365 F.3d 1181, 1187 (10th Cir. 2004) (citing cases), *abrogated in part on other grounds, Jones v. Bock*, 127 S.Ct. 910 (2007). The MDOC policy directive provides that a "grievant whose grievance is rejected may appeal the rejection to the next step as set forth in this policy." (Docket no. 61, ex. 3, ¶ I). It is therefore arguable that Plaintiff would not have been allowed to appeal this favorable response to her grievance if she had attempted to do so.

However, there are issues with regard to the timing of the submission of grievance number 01712. Plaintiff reported the date of the incident as May 6, 2004. The date of the grievance is May 25, 2004, and it was received at Step I on June 10, 2004. Seemingly, Plaintiff failed to send this grievance to the Step I authority within the five business days deadline after trying to resolve the issue with staff. (*See* docket no. 61, ex. 3, ¶ X). However, Plaintiff stated on the grievance form that she attempted to

resolve this issue with staff on May 25, 2004. Defendant has not addressed the timing of this grievance. Under these circumstances, this Court does not recommend granting summary judgment based on a lack of exhaustion.

### b. Stating Claim for Relief

This leaves Defendant Tolliver's argument that summary judgment should be granted to her because Plaintiff failed to state a claim upon which relief may be granted. She contends that an isolated incidence of negligence or gross negligence does not rise to the level of a constitutional violation that is actionable under section 1983. *See Kincaid v. Vail*, 969 F.2d 594, 602 (7th Cir. 1992).

Plaintiff's Complaint fails to identify the constitutional right that Defendant Tolliver allegedly violated. Plaintiff argues in her Response, however, that Defendant violated her right to be free from cruel and unusual punishment and from deliberate indifference to a serious medical need. (Docket no. 66 at 4 & 7). Plaintiff's allegations in her Complaint against Defendant Tolliver are that she ignored Plaintiff's complaints that her bed was falling apart. The facts supporting these allegations in Plaintiff's Complaint are the only ones made under oath or affirmation. (Docket no. 1). Therefore, these are the only facts that may properly be considered on this motion. *See* Fed. R. Civ. P. 56(c). Plaintiff's arguments and related facts in her Response are not considered as evidence.[1] (*Id.*).

With regard to claims of violation of substantive due process, Defendant is correct that negligence and gross negligence do not transform a tort claim into a constitutional violation. *See Lewellen v. Metropolitan Gov't of Nashville and Davidson Co.*, 34 F.3d 345, 351 (6th Cir. 1994) ("Gross negligence is not actionable under § 1983, because it is not 'arbitrary in the constitutional sense.'"); *Kincaid*, 969 F.2d

---

[1] Also in her Response, Plaintiff alleges that Defendant Tolliver moved her to an upper bed in violation of a doctor's order for Plaintiff to be assigned a bottom bunk after her fall. This allegation is not properly supported by any evidence.

at 602 (negligence of court clerk in not filing document does not state due process violation under section 1983).

Plaintiff does not allege a substantive due process violation, however. She alleges that the Defendant violated her Eighth Amendment rights. (Docket no. 66 at 4, 7). Courts considering similar claims have utilized the deliberate indifference standard announced in *Estelle v. Gamble*, 429 U.S. 97 (1976). *See Wilson v. Seiter*, 501 U.S. 294, 302-03 ((1991); *McKnight v. McDuffie*, 2007 WL 1087280 (S.D. Ga. Apr. 9, 2007). In order to state an Eighth Amendment violation Plaintiff must show a sufficiently serious deprivation and that the defendant prison official acted with a sufficiently culpable state of mind. *See Farmer v. Brennan*, 511 U.S. 825, 832-34 (1994). A sufficiently culpable state of mind is one of deliberate indifference to inmate health or safety. *See Wilson*, 501 U.S. at 302-03. Deliberate indifference is a state of mind more blameworthy than negligence and more akin to the recklessness standard in criminal law. The prison official must both be aware of facts from which the inference could be drawn that a substantial risk of serious harm exists, and he must also draw the inference. *Farmer*, 511 U.S. at 837.

Here, Plaintiff has produced no evidence, apart from her allegations in her Complaint, to support any inference that Defendant Tolliver was aware of facts from which she could and did draw the inference that a substantial risk of serious harm existed to Plaintiff. The extent of Plaintiff's allegations in her Complaint is that Plaintiff informed Defendant that her bunk bed was starting to break apart and that the following week Plaintiff's "report was ignored." (Docket no. 1 at 4). Although Plaintiff later added facts to this allegation, this Court must consider only the properly supported evidence on this motion. There are many ways that a bunk bed could break apart and not all of them create a substantial risk of collapse or other harm. Plaintiff has failed to show exactly what information Defendant Tolliver possessed about the condition of Plaintiff's bed. Plaintiff's evidence fails to create

a genuine issue of material fact as to whether Defendant violated her Eighth Amendment rights. *See McKnight*, 2007 WL 1087280 (finding that prisoner, who suffered injury when a bunk bed in his cell collapsed onto him while he was sitting on lower bunk, failed to show deliberate indifference to serious risk to safety upon allegation that he told prison official the welds on the bed were broken before collapse); *Crist v. Wolfe*, 1986 WL 9555 (N.D. Ill. Aug. 21, 1986) (prisoner's allegation that defendant prison officials knew condition of bed (bed and springs held together with torn pieces of sheets) which collapsed on him injuring him insufficient to infer recklessness). Accordingly, Defendant Tolliver should be granted summary judgment because Plaintiff's allegations fail to state a claim for relief upon which relief may be granted either under the Eighth Amendment or as a violation of substantive due process.

### III. **NOTICE TO PARTIES REGARDING OBJECTIONS:**

The parties to this action may object to and seek review of this Report and Recommendation, but are required to act within ten (10) days of service of a copy hereof as provided for in 28 U.S.C. § 636(b)(1) and E.D. Mich. LR 72.1(d)(2). Failure to file specific objections constitutes a waiver of any further right of appeal. *Thomas v. Arn*, 474 U.S. 140 (1985); *Howard v. Sec'y of Health & Human Servs.,* 932 F.2d 505 (6th Cir. 1991); *United States v. Walters*, 638 F.2d 947 (6th Cir. 1981). Filing of objections which raise some issues but fail to raise others with specificity, will not preserve all the objections a party might have to this Report and Recommendation. *Willis v. Sec'y of Health & Human Servs.*, 931 F.2d 390, 401 (6th Cir. 1991); *Smith v. Detroit Fed'n Of Teachers Local 231*, 829 F.2d 1370, 1373 (6th Cir. 1987). Pursuant to E.D. Mich. LR 72.1(d)(2), a copy of any objections is to be served upon this Magistrate Judge.

Any objections must be labeled as "Objection #1," "Objection #2," etc. Any objection must recite *precisely* the provision of this Report and Recommendation to which it pertains. Not later than ten days after service of an objection, the opposing party must file a concise response proportionate to the

objections in length and complexity. The response must specifically address each issue raised in the objections, in the same order and labeled as "Response to Objection #1," "Response to Objection #2," etc.

Dated: January 24, 2008                    s/ Mona K.Majzoub
                                                          MONA K. MAJZOUB
                                                          UNITED STATES MAGISTRATE JUDGE

## PROOF OF SERVICE

I hereby certify that a copy of this Report and Recommendation was served upon Denise Tumele and Counsel of Record on this date.

Dated: January 24, 2008                    s/ Lisa C. Bartlett
                                                          Courtroom Deputy