# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF MICHIGAN
# SOUTHERN DIVISION

**DENISE TUMELE,**

      **Plaintiff,**            **CIVIL ACTION NO. 06-CV-10605-DT**

  vs.

                                       **DISTRICT JUDGE GERALD E. ROSEN**

**ROBERT SCOTT FACILITY,**     **MAGISTRATE JUDGE MONA K. MAJZOUB**
**et. al,**

      **Defendants.**
_____/

## REPORT AND RECOMMENDATION

**I. RECOMMENDATION:** This Court recommends that Defendant Butler's Motion for Summary Judgment filed on February 7, 2008 (docket no. 75) be **GRANTED**.

**II. REPORT:**

This matter comes before the Court on Defendant Butler's Motion for Summary Judgment. (Docket no. 75). Plaintiff has not responded to the motion, and the time for responding has now expired. The case was referred to the undersigned for all pretrial proceedings. (Docket no. 6). Defendant Butler's Motion for Summary Judgment is now ready for ruling. The Court dispenses with oral argument pursuant to E.D. Mich. LR 7.1(e).

    *A.    Factual Background*

These facts are taken from Plaintiff's Complaint filed under 42 U.S.C. § 1983. She is a prisoner of the State of Michigan. During the events underlying her claim, she was incarcerated at the Robert Scott Facility in Plymouth, Michigan. Plaintiff alleges that on May 6, 2004 she informed Unit Officer Tolliver that her assigned bunk bed was starting to break apart. On May 27, 2004 the

bed collapsed causing injury to her neck, back and lower back. Plaintiff alleges that she was "continually refused health care access" until June 22, 2004 when she saw Dr. Shawney who without examining her told her that there was nothing wrong with her. She claims that she presently suffers from pain and numbness. Plaintiff alleges that Physician's Assistant Singhal told her that she could have a pinched nerve, but that no diagnostic studies were done. Plaintiff says that she fears her condition will worsen and that she may become paralyzed. Plaintiff seeks as relief diagnostic studies and x-rays, physical therapy, pain relief, and compensatory, punitive, and future damages. Plaintiff identifies Defendant Butler as the "Health Unit Manager, RN."

B. *Claims*

Plaintiff's Complaint and the copies of the grievances she filed raise claims of inadequate medical care and the deliberate indifference to a substantial risk of serious harm by officers not acting on her requests to repair her bed.

Defendant Butler moves for summary judgment on the bases that Plaintiff's Complaint fails to state a claim against her upon which relief may be granted and that Plaintiff has failed to show that she properly exhausted administrative remedies against Defendant Butler on any claim. (Docket no. 75).

C. *Standard of Review*

Summary judgment is appropriate where "the pleadings, the discovery and disclosure materials on file, and any affidavits show that there is no genuine issue as to any material fact and that the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(c). The moving party has the burden of showing an absence of evidence to support the non-moving party's case. *Covington v. Knox County Sch. Sys.*, 205 F.3d 912, 915 (6th Cir. 2000). Once the moving party has

met its burden of production, the non-moving party must come forward with significant probative evidence showing that a genuine issue exists for trial. (*Id.*). A mere scintilla of evidence is insufficient to defeat a supported motion for summary judgment; rather, "there must be evidence on which the jury could reasonably find for the [non-moving party]." *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 252 (1986). While the evidence itself need not be the sort admissible at trial, the evidence must be more than the non-movant's own pleadings. *Ashbrook v. Block*, 917 F.2d 918, 921 (6th Cir. 1990); *see also Street v. J.C. Bradford & Co.*, 886 F.2d 1472, 1479 (6th Cir. 1989) (explaining that the non-moving party may not rely on the hope that the trier of fact will disbelieve the movant's denial of a disputed fact).

Under 42 U.S.C. § 1997e(a), "[n]o action shall be brought with respect to prison conditions under section 1983 . . . by a prisoner confined in any jail, prison, or other correctional facility until such administrative remedies as are available are exhausted."

*D. Analysis*

Defendant Butler moves for summary judgment on the basis that Plaintiff's Complaint does not allege any wrongdoing by her. (Docket no. 75 at 3). The Court's review of Plaintiff's Complaint confirms that Plaintiff failed to make any allegations against Defendant Butler in her Complaint. (Docket no. 1 at 4). A defendant against whom the Plaintiff fails to make any allegations in the Complaint is entitled to be dismissed from the action. *See Potter v. Clark*, 497 F.2d 1206, 1207 (7th Cir. 1974) (where complaint alleges no specific act or conduct by party and complaint is silent as to party except for name in caption, dismissal is proper even for *pro se* plaintiffs); *Eckford-El v. Toombs*, 760 F. Supp. 1267, 1272-73 (W.D. Mich. 1991) (dismissing defendants because complaint filed *pro se* named them in caption but filed to allege specific conduct

by them in allegedly wrongful actions). Defendant Butler should be granted summary judgment because no claim upon which relief may be granted is stated against her.

Even considering the attachments to Plaintiff's Complaint, Plaintiff has failed to state a cognizable claim against Defendant Butler. Plaintiff refers to Defendant Butler in the attached Grievance number SCF 04-11-03376-12D3. (Docket no. 1 at 31, 34). Plaintiff states in that grievance that she received a step I response signed by HUM Butler on 12/21/04. (*Id*. at 31). Plaintiff also wrote that Defendant Butler saw her on 12/21/04 but did not let her see a doctor. (*Id*. at 34). Also, in Grievance number SCF 05-10-02142-28e Plaintiff states that Defendant Butler wrote (apparently as a response to a grievance) that on 6/18/04 medications were given/received, that a temporary bottom bunk has been issued, and that a follow-up appointment is scheduled in the near future. (Docket no. 1 at 27).

The above statements as to Defendant Butler are not included in the body of Plaintiff's Complaint. Moreover, even if they were the statements fail to state a claim upon which relief may be granted. The allegation that is closest to stating a claim is that Defendant Butler saw Plaintiff on 12/21/04 but did not let her see a doctor. However, there is no evidence that at that time Defendant Butler was deliberately indifferent to any serious medical need of Plaintiff. A difference of opinion between the prisoner and the medical professional does not state a constitutional claim. *Westlake v. Lucas*, 537 F.2d 857, 860 n.5 (6th Cir. 1976) ("Where a prisoner has received some medical attention and the dispute is over the adequacy of the treatment, federal courts are generally reluctant to second guess medical judgments and to constitutionalize claims which sound in state tort law."). Therefore, even considering these allegations not included in the Complaint no claim is stated against Defendant Butler. Because Plaintiff failed to state a claim there is no need to consider

whether any claim has been administratively exhausted. Defendant Butler should be granted summary judgment and be dismissed as a Defendant in this action.

### III. NOTICE TO PARTIES REGARDING OBJECTIONS:

The parties to this action may object to and seek review of this Report and Recommendation, but are required to act within ten (10) days of service of a copy hereof as provided for in 28 U.S.C. § 636(b)(1) and E.D. Mich. LR 72.1(d)(2). Failure to file specific objections constitutes a waiver of any further right of appeal. *Thomas v. Arn*, 474 U.S. 140 (1985); *Howard v. Sec'y of Health & Human Servs.,* 932 F.2d 505 (6th Cir. 1991); *United States v. Walters*, 638 F.2d 947 (6th Cir. 1981). Filing of objections which raise some issues but fail to raise others with specificity, will not preserve all the objections a party might have to this Report and Recommendation. *Willis v. Sec'y of Health & Human Servs.*, 931 F.2d 390, 401 (6th Cir. 1991); *Smith v. Detroit Fed'n Of Teachers Local 231*, 829 F.2d 1370, 1373 (6th Cir. 1987). Pursuant to E.D. Mich. LR 72.1(d)(2), a copy of any objections is to be served upon this Magistrate Judge.

Any objections must be labeled as "Objection #1," "Objection #2," etc. Any objection must recite *precisely* the provision of this Report and Recommendation to which it pertains. Not later than ten days after service of an objection, the opposing party must file a concise response proportionate to the objections in length and complexity. The response must specifically address each issue raised in the objections, in the same order and labeled as "Response to Objection #1," "Response to Objection #2," etc.

Dated: May 05, 2008        s/ Mona K. Majzoub
                  MONA K. MAJZOUB
                  UNITED STATES MAGISTRATE JUDGE

## PROOF OF SERVICE

I hereby certify that a copy of this Report and Recommendation was served upon Denise Tumele and Counsel of Record on this date.

Dated: May 05, 2008             s/ Lisa C. Bartlett
                                Courtroom Deputy